2003 UT App 374

**ALLIANT TECHSYSTEM, INC., Petitioner,**

v.

**TAX COMMISSION and Salt Lake County Board of Equalization, Respondents.**

**No. 20020904–CA.**

Court of Appeals of Utah.

Nov. 6, 2003.

Maxwell A. Miller and Randy M. Grim-shaw, Parsons Behle & Latimer, Salt Lake City, for Petitioner.

Mark L. Shurtleff, Atty. Gen., Laron J. Lind, Asst. Atty. Gen., Mary Ellen Sloan, and Jason S. Rose, Salt Lake City, for Respondents.

Before JACKSON, P.J., BENCH and DAVIS, JJ.

OPINION

BENCH, Judge:

¶1 Alliant Techsystem, Inc. (ATK) seeks review of an amended order of the Utah State Tax Commission (Commission) granting a motion to dismiss tax appeals for lack of subject matter jurisdiction. We affirm the Commission's order.

BACKGROUND

¶2 ATK owns twenty-three parcels of property in Salt Lake County. ATK also leases nine other parcels: six are owned by the United States Navy (Navy), two are owned by Nuteam Pension and Profit Sharing Plan (Nuteam), and one is owned by Kennecott Copper (Kennecott). In 2001, ATK protested Salt Lake County's assessment of property taxes and privilege taxes on the thirty-two parcels.

¶3 After consolidating ATK's protests, the Board of Equalization of Salt Lake County (Board) held a hearing. Thereafter, in April 2002, the Board issued and mailed notices of decisions regarding all thirty-two parcels. In the property tax cases, the Board mailed the notices of decisions to the property owner of record. In the privilege tax cases, those involving the Navy property, the Board mailed the notices of decisions to ATK. The Board mailed the notices to the same entities as it had done since 1995.

¶4 ATK's former tax representative, Mr. Robert Berg, who had filed the protests, retired before the Board issued its decisions in April 2002. The department in which Mr. Berg worked was subsequently restructured and the person succeeding Mr. Berg was unfamiliar with the appeals. Unaware of the notices, ATK failed to act on the Board's decisions until ATK's local counsel eventually discovered them. On July 24, 2002, ATK filed appeals from those decisions to the Commission.

¶5 Having received notice of ATK's appeals, the Board filed a Motion to Dismiss for lack of subject matter jurisdiction because the appeals were not filed within thirty days of the Board's decisions.[1] The Commission

---

1. Utah Code Ann. § 59-2-1006(1) (2002) provides, in part, that any person dissatisfied with a Board's decision "may appeal that decision to the commission by filing a notice of appeal ... within 30 days after the final action of the county board."

thereafter issued an order granting the Board's motion to dismiss. ATK filed a Petition for Writ of Review of the Commission's order in the Utah Supreme Court, which then transferred the case to this court.

## ISSUES AND STANDARD OF REVIEW

¶ 6 ATK presents three issues for our review. First, ATK argues that the Commission failed to interpret the term "taxpayer," referred to in section 59–2–1004(1) of the Utah Code, according to its plain and ordinary meaning. Second, ATK alleges that its due process rights were violated when the Board failed to send its decisions to ATK's local counsel. Third, ATK contends that the Board violated its own administrative rule when it notified ATK, and not the Navy, of the Board's decisions concerning the Navy parcels.

¶ 7 Since these issues raise strictly questions of law, we apply a correction of error standard to the Commission's conclusions. *See* Utah Code Ann. § 59–1–610(1)(b) (2002).

## ANALYSIS

### *Statutory Definition of "taxpayer"*

■ ¶ 8 We begin by examining the meaning of "taxpayer" under the Utah Code. Section 59–2–1001(4) of the Utah Code provides that "the clerk of the board of equalization shall notify the taxpayer, in writing, of any decision of the board." ATK argues that the Commission erroneously interpreted "taxpayer" to mean the party who is "legally liable" for the tax. We agree with the Commission. In interpreting "taxpayer," we look to "its usually accepted meaning, where the ordinary meaning of the term results in an application that is neither unreasonably confused, inoperable, nor in blatant contradiction of the express purpose of the statute." *Morton Int'l, Inc. v. Utah State Tax Comm'n,* 814 P.2d 581, 590 (Utah 1991). The ordinary or accepted meaning of "taxpayer" can be

found in both related Utah Code provisions and pertinent case law. For instance, under section 59–2–1303(1), the property tax is assessed against the owner or claimant of record or the person in possession of the lien each year. In section 59–2–1302(1), a property is listed on the county tax roll in the name of the property owner. Section 59–2–913(4) provides that a notice must be mailed to the property owner. Furthermore, in *Buchanan v. Hansen,* 820 P.2d 908 (Utah 1991), the Utah Supreme Court held that "the legal owner as of January 1 of the tax year is held to have a duty to pay the taxes for that year." *Id.* at 910.[2] Therefore, we conclude that the "taxpayer" is the person legally responsible for the tax. With regard to the property tax cases, that person is the property owner. However, when the tax is not on the property but on a person's beneficial use of exempt property, as in the parcels owned by the Navy, the taxpayer is the beneficial user, or, in this case, ATK. *See* Utah Code Ann. §§ 59–4–101(1)(a) and (4) (2002).[3]

¶ 9 The facts show that the notices were sent to the proper taxpayers as required by statute. The decisions concerning the twenty-three parcels owned by ATK were mailed to ATK, the owner of record. The decisions regarding the privilege tax on the Navy parcels were also mailed to ATK, the beneficial user. As to the Kennecott and Nuteam leased parcels, the decisions were mailed to Kennecott and Nuteam, as the owners of record.

¶ 10 Notwithstanding section 59–2–1001(4), ATK contends that, as a lessee of the Nuteam and Kennecott parcels, ATK should have received the notices. In other words, ATK argues that a lessee is "legally liable" for the taxes, and not the owner of record. However, ATK fails to advance any legal basis for this argument. While the lessee may be contractually liable for the property tax as provided under a lease agreement, the

2. *See also Dillman v. Foster,* 656 P.2d 974, 978 (Utah 1982) (affirming that the owner of record is liable for the property tax).

3. Utah Code Ann. § 59–4–101(1)(a) (2002) reads in part: "a tax is imposed on the possession or other beneficial use enjoyed by any person of any

real or personal property which for any reason is exempt from taxation, if that property is used in connection with a business conducted for profit." Further, subsection (4) provides that a privilege tax "is assessed to the *possessors or users of the property.*" (Emphasis added.)

Board had no legal duty to send its decision to the lessee. As the Commission correctly noted, the Board had no duty to investigate the contractual relationships between the owner of a property and its lessee.

### Alleged Due Process Violations

¶ 11 ATK next asserts that its due process rights were violated because it did not receive actual notice and meaningful opportunity to be heard. We disagree.

¶ 12 The due process clauses of the United States and Utah Constitutions provide that no person shall be deprived of "life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 7; Utah Const. art. 1, § 7. In interpreting the due process clause, the United States Supreme Court noted that to satisfy due process, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950).

¶ 13 Contrary to ATK's assertion, ATK did receive actual notice, albeit not on all properties. The Board provided actual notice to ATK for twenty-nine parcels. It mailed notices to the owners of the other three parcels. These notices informed the recipients that they had thirty days to appeal the Board's decisions, thus giving the taxpayers "an opportunity to present their objections." *Id.*

¶ 14 Nevertheless, despite receiving actual notice on most properties, ATK asserts that the Board violated its due process rights because the Board failed to send the notices to ATK's local counsel, its designated agent.[4] Contrary to ATK's position, the Board had no legal obligation to notify ATK's local coun-

sel. ATK correctly asserts that the application form provides for a designated agent. However, the designation of such agent is solely for representation purposes and not for notice purposes. The application form clearly states that "All Notices of Decision will be mailed to the Owner of Record when issued."

¶ 15 We note that Salt Lake County Board of Equalization Administrative Rules § VI Resolution (D)(3)(b) (2001) does allow for mailing a courtesy copy to the taxpayer's representative if the taxpayer affirmatively requests it.[5] However, ATK never made such a request. Consequently, the Board sent the notices to the same entities it had since at least 1995.

### Did the Board Violate its Own Rule?

¶ 16 ATK finally contends that the Board violated its own rule when it mailed the notices concerning the Navy parcels to ATK instead of the Navy. The administrative rule at issue states in pertinent part that "a copy of the final decision shall be sent to the property owner of record, at the current address listed on the County records for the mailing of the tax notice." Salt Lake County Board of Equalization Administrative Rules § VI Resolution (D)(3)(a) (2001). ATK argues that the Board violated its own rule when it sent the decisions to ATK instead of the Navy, the owner of record. However, the tax on the Navy parcels is on the beneficial use of the property, and not the property itself, as provided under section 59–4–101(1)(a) and (4) of the Utah Code. ATK was legally liable for the tax assessed on its beneficial use of the Navy parcels. Therefore, the Board did not violate its own administrative rule.

4. ATK cites three United States Supreme Court cases in support of its argument: *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), *Tulsa Professional Collection Services, Inc. v. Pope*, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988), and *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983). However, none of these cases support ATK's claim that notice must be sent to an entity other than the "taxpayer." Rather, these cases stand

for the proposition that notice by posting or publication in a newspaper is necessary in certain circumstances.

5. Salt Lake County Board of Equalization Administrative Rules § V Hearing (C)(2) (2001) provides that "all requests for notices to be sent to an address other than that listed on County records for the mailing of the tax notice must be made in writing to the Clerk of the Board."

## CONCLUSION

¶ 17 Because the Board's decisions were sent to the proper taxpayers and ATK failed to appeal them within the thirty-day statutory requirement, the Commission properly dismissed ATK's appeals for lack of subject matter jurisdiction. We therefore affirm.

¶ 18 WE CONCUR: NORMAN H. JACKSON, Presiding Judge, and JAMES Z. DAVIS, Judge.